UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: MELINDIA GAIL JACKSON,

    Debtor.
_____/

MELINDIA GAIL JACKSON,

    Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION,
successor in interest trustee of Wachovia
Bank, N.A., trustee of GSMPS Mortgage
Loan Trust 2004-1,

    Appellee.
_____/

Case No. 1:16-cv-0369-RJJ-PJG

Honorable Robert J. Jonker

## **REPORT AND RECOMMENDATION**

Melindia Gail Jackson appeals from the decision of the United States Bankruptcy Court dismissing her adversary complaint. This appeal comes after a long history of litigation, in both federal and state courts, in which Ms. Jackson sought to prevent the foreclosure of her Allegan County home. The proceedings leading to this appeal began November 24, 2015, with Ms. Jackson's filing of the adversary complaint in her pending Chapter 7 bankruptcy case seeking to set aside the foreclosure of her home. On May 25, 2016, Chief Bankruptcy Judge Scott W. Dales dismissed the complaint for lack of jurisdiction.

Ms. Jackson's three-page appellate brief includes a number of allegations regarding the bankruptcy proceedings, none of which are supported by record evidence, and none of which relate to whether the bankruptcy court had subject-matter jurisdiction over her adversary complaint. (*See* Appellant's Br. at 1-2, ECF No. 9, PageID.39-40). She asks this Court to order the return of her foreclosed home, to order U.S. Bank to produce documents under the Freedom of Information Act, and to award her $300,000 in compensation for emotional distress and pain she alleges to have suffered.[1] (*Id.* at 3, PageID.41). None of these remedies are available in this appeal.

Appellee U.S. Bank has responded. (ECF No. 12). The bank argues that the bankruptcy court properly dismissed Ms. Jackson's adversary complaint because her claims are barred by the *Rooker-Feldman* doctrine, *res judicata*, and collateral estoppel. (Appellee Br. at 14-16, ECF No. 12, PageID.63-65). U.S. Bank also argues that the adversary complaint fails to state a claim under the law. (*Id.* at 16-18, PageID.65-67).

I have considered the parties' submissions. Given appellant's *pro se* status, I have also independently reviewed Chief Judge Dales's decision for potential error. Finding none, I recommend that Melindia Gail Jackson's appeal from the U.S. Bankruptcy Court for the Western District of Michigan be denied and that the order

---

[1] Also among the relief requested, appellant states: "Also the sign court order on March 4, 2016 from the Judge in Michigan. This was told to me on a recorded line by Wells Fargo." (Appellant's Br. at 3, ECF No. 9, PageID.41). I have been unable to discern any meaning from this statement.

dismissing her adversary complaint be affirmed. This Court need not address any of the issues raised by the parties, except that which formed the basis of Chief Judge Dales's decision – that the bankruptcy court lacks subject matter jurisdiction to overturn the Allegan County District Court's January 11, 2016, decision authorizing U.S. Bank to take possession of Ms. Jackson's residence.

## Underlying Facts and Procedural History

1. The Underlying Mortgage

On December 20, 2001, Ms. Jackson obtained an $82,213.00 loan, and she granted a mortgage to Wells Fargo Home Mortgage, Inc.,[2] on her residence at 2603 114th Avenue, Allegan, Michigan. (*See* Mortgage, ECF No. 12-2, PageID.70-79). Ms. Jackson apparently stopped making payments, and the mortgage account became overdue on January 1, 2009. (*See* Memorandum of Decision and Order at 2, March 25, 2016, Bankruptcy Case No. DK 13-07534, ECF No. 31, a copy of which was filed in this appeal at ECF No. 5-2).[3]

---

[2] On August 14, 2012, Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc., assigned its interest in the mortgage to Appellee US Bank. (*See* Corrective Assignment of Mortgage, ECF 12-3, PageID.80).

[3] The Bankruptcy Court Clerk transmitted to the District Court Clerk this decision and other relevant documents from the bankruptcy case. (*See* ECF No. 5). Unless otherwise noted, record citations will be to the docket in this appeal.

## 2. The Bankruptcy Case and Foreclosure

On September 25, 2013, Ms. Jackson filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Michigan, Case No. 13-07534. On January 2, 2014, U.S. Bank filed a motion for relief from the automatic stay in the bankruptcy case. The bank cited, among other things, that Ms. Jackson had no equity in her residence, noting that the market value of the property (pursuant to Ms. Jackson's Schedule D) was approximately $60,000.00, and that total debt owing U.S. Bank was approximately $120,215.24. (*See* Motion for Relief from Automatic Stay, ECF No. 12-4, PageID.81-82). Ms. Jackson opposed the motion. (*See* Order Re Motion for Relief from Stay at 1, ECF No. 12-5, PageID.83). On March 3, 2014, following a hearing, the bankruptcy court entered an order lifting the automatic bankruptcy stay due to the lack of equity. (*Id.* at 1-2, PageID.84).

U.S. Bank thereafter pursued foreclosure by advertisement pursuant to state law, and scheduled a sheriff's sale for May 15, 2014. (*See* Order of May 9, 2014, at 1, ECF No. 12-6, PageID.85-86). On March 5, 2014, Ms. Jackson filed a motion asking the bankruptcy court to reconsider its order lifting the automatic stay, and later asked the bankruptcy court to stay the foreclosure sale pending a hearing on the motion for reconsideration. (*See id.*). On May 9, 2014, the bankruptcy court denied Ms. Jackson's request for a stay of the foreclosure proceedings. (*See id.* at 2,

4

PageID.86). On May 15, 2014, U.S. Bank foreclosed on the mortgage. (*See* Sheriff's Deed, ECF No. 12-13, PageID.143-49).[4]

On June 12, 2016, the bankruptcy court denied Ms. Jackson's motion for reconsideration of the lifting of the automatic bankruptcy stay. (Order Denying Reconsideration Motion at 2, ECF No. 12-8, PageID.94-96). Ms. Jackson filed a notice of appeal of this decision on June 27, 2014, before the Bankruptcy Appellate Panel of the Sixth Circuit ("B.A.P."), Case No. 14-8038. On November 19, 2014, the B.A.P. dismissed her appeal for lack of jurisdiction. (*See* B.A.P. 6th Cir. Order, ECF No. 12-9, PageID.97-98). Ms. Jackson appealed that decision to the Sixth Circuit Court of Appeals, Case No. 14-2619, which appeal was dismissed for lack of jurisdiction. (*See* Order of Sept. 29, 2015, ECF No. 12-10). The Sixth Circuit also denied Ms. Jackson's motion for reconsideration. (*See* Order, ECF No. 12-11).

3. <u>Federal District Court Action Against Wells Fargo</u>

On May 13, 2014, Ms. Jackson filed a complaint against Wells Fargo Home Mortgage with this Court in Case No. 1:14-cv-0529 (J. Neff), claiming improprieties in the foreclosure process and seeking $800,000.00 in damages. (Complaint, 1:14-cv-0529, ECF No. 1, PageID.1). She did not ask this Court to stop the foreclosure sale, however. (*See id.*). Judge Neff dismissed the complaint on July 10, 2014, for failure

---

[4] The sixth-month statutory redemption period expired November 17, 2014, and Ms. Jackson did not redeem the subject property. (*See* Sheriff's Deed, ECF No. 12-13, PageID.146).

to state a claim upon which relief may be granted. (Order Adopting Amended Report and Recommendation, 1:14-cv-0529, ECF No. 10). Ms. Jackson appealed that decision, but the Sixth Circuit dismissed the appeal on July 29, 2015, for want of prosecution. (Order, 1:14-cv-0529, ECF No. 17, PageID.30).

### 4. Eviction Proceedings in State and Federal Court

On or about October 6, 2015, U.S. Bank filed a Summons and Complaint in the 57th Judicial District Court (Allegan County), Case No. 15-2888-LT, to recover possession of Ms. Jackson's residence. The Allegan County district court eventually entered a judgment granting possession of the property to U.S. Bank, and it permitted the bank to apply for an order of eviction after December 10, 2015. (*See* Judgment, ECF No. 12-15, PageID.112). Ms. Jackson's subsequent efforts in state court to block U.S. Bank's possession of her home were unsuccessful. U.S. Bank took possession of the property on March 7, 2016.[5]

Ms. Jackson attempted to remove the state court eviction case to this Court in Case No. 1:15-cv-01186 (J. Quist). On November 20, 2015, Judge Quist remanded the case for lack of subject matter jurisdiction. (Case No. 1:15-cv-1186, ECF No. 7, PageID.13-14). Ms. Jackson moved the district court to reconsider, which motion was

---

[5] U.S. Bank states this is the date it obtained possession of Ms. Jackson's home, but cites to nothing in the record to substantiate it. (*See* Appellee Br. at 11, ECF No. 12, PageID.56). There is no dispute that U.S. Bank took possession, however. In fact, that is the gravamen of Ms. Jackson's adversary complaint. The exact date of possession is not material to any issue before this Court.

denied. (Case No. 1:15-cv-1186, ECF No. 10, 13). The Sixth Circuit dismissed her appeal, noting that "[a]n order remanding a case to state court on the basis of lack of jurisdiction is immune from review, with limited exceptions not applicable to this case." (Case No. 1:15-cv-1186, ECF No. 14). The court also denied Ms. Jackson's petition for reconsideration. (Case No. 1:15-cv-1186, ECF No. 15).

5. The Adversary Proceeding in Bankruptcy Court

On November 24, 2015, Ms. Jackson filed an adversary complaint in her pending Chapter 7 bankruptcy case. (Complaint, ECF No. 12-22). She stated that she was seeking "to recover the property meaning the house that was foreclosed on." (*Id.*, PageID.126). Ms. Jackson filed a "corrected" complaint on December 15, 2015, adding factual allegations but omitting the original relief she sought, asking only that the court order a November 3, 2015, telephone call from a Wells Fargo executive "subpoenaed for the record." (Complaint, ECF No. 23, PageID.129).

On March 25, 2016, Chief Judge Dales dismissed the adversary proceeding for lack of subject matter jurisdiction. (Memorandum of Decision and Order, ECF No. 5-2). Judge Dales noted that "Ms. Jackson lost her home through the foreclosure that occurred after [the bankruptcy] court lifted the automatic stay, and that U.S. Bank obtained a 'Possession Judgment' from the 57th District Court in Allegan County . . . on November 9, 2015." (*Id.* at 2, PageID.131). Judge Dales concluded:

> The real estate foreclosure process is generally a matter for the state courts, and the foreclosure of Ms. Jackson's interest in her former home is no exception. Moreover, a litigant who has unsuccessfully challenged

7

a foreclosure in the state courts cannot turn to the federal courts to overturn adverse state court rulings. In general, this court's original jurisdiction under 28 U.S.C. § 1334 does not allow it to act as an appellate court or exercise any supervisory role over the state courts.

(*Id.* at 3, PageID.132).

On April 6, 2016, Appellant filed the instant appeal of Judge Dales's March 25, 2016, decision.

## **Standard of Review**

A bankruptcy court's decision to dismiss the adversary complaint for lack of subject matter jurisdiction is a question of law. This Court reviews the bankruptcy court's conclusions of law *de novo*. *See William Kaye v. Agripol, SRL*, (*In re Murray, Inc.*), 392 B.R. 288, 292 (B.A.P. 6th Cir. 2008) (citing *Riverview Trenton R.R. Co. v. DSC Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940 (6th Cir. 2007)). "Under a *de* novo standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders* (*In re Morgeson*), 371 B.R. 798, 800 (6th Cir. BAP 2007).

## **DISCUSSION**

In her adversary complaint, Ms. Jackson seeks the return of her residence, the possession of which she lost more than a year ago. Such relief would necessarily require the bankruptcy court to overturn the Allegan County district court's January 11, 2016, decision authorizing U.S. Bank to take possession of Ms. Jackson's residence. This the court cannot do, as it would violate the *Rooker-Feldman* doctrine.

8

Federal courts are courts of limited jurisdiction, which may exercise only those powers authorized by the Constitution and statute.[6] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Vander Boegh v. Energy Solutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vander Boegh*, 772 F.3d at 1063. Ms. Jackson has the burden of proving this court's jurisdiction. *See Giesse v. Secretary of Dep't of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008).

Judge Dales correctly held that the bankruptcy court lacked subject matter jurisdiction to overturn the Allegan County district court's decision giving U.S. Bank possession of Ms. Jackson's home. "Lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006); *see Duncan v. U.S. Bank*, NA, 574 F. App'x 599, 601 (6th Cir. 2014). The *Rooker-Feldman* doctrine derives its name from two Supreme Court cases that held that a federal court cannot exercise appellate review of a state-court decision. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct.*

---

[6] Congress conferred upon federal district courts original and exclusive jurisdiction to hear bankruptcy cases. *See* 28 U.S.C. § 1334(a).

9

*of App. v. Feldman*, 460 U.S. 462 (1983). This doctrine is limited to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Following *Exxon*, the Sixth Circuit held that the pertinent inquiry is the "source of the injury" upon which the plaintiff bases his or her federal claim. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Hall v. Callahan*, 727 F.3d 450, 453-54 (6th Cir. 2013) (Purported "errors made by state court judges are barred from consideration.").

In her adversary complaint in the bankruptcy court, Ms. Jackson seeks to regain possession of her home, the same possession of which the Allegan County district court awarded to U.S. Bank. The source of her injury, then, is the ruling of the Allegan County district court. Accordingly, the *Rooker-Feldman* doctrine applies.

Ms. Jackson's recourse to the adverse decision of the Allegan County district court was an appeal to the circuit court, an application for leave to appeal to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and if necessary, an application to the United States Supreme Court

for a writ of certiorari. As this Court lacks subject-matter jurisdiction over Ms. Jackson's adversary complaint, Judge Dales properly dismissed it.

## Recommended Disposition

For the reasons set forth herein, I recommend that Debtor-Appellant Melindia Gail Jackson's appeal from the U.S. Bankruptcy Court for the Western District of Michigan be denied and that the decision of the Bankruptcy Court dismissing her adversary complaint be affirmed.

Dated: August 23, 2017 /s/Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).